UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | Case No. 2:13-cv-947-JRG-RSP |
| v. | § § | |
| LG ELECTRONICS MOBILECOMM U.S.A., INC., | § § § | **Oral argument requested.** |
| Defendant. | § § § | |

**MTEL'S OPPOSITION TO LG'S MOTION
<u>FOR LEAVE TO FILE EXHIBITS FOR *IN CAMERA* INSPECTION (D.I. 86)</u>**

LG asserts work-product immunity for documents it would submit *in camera* to show

that Dr. Bims received from LG confidential information so relevant to his work in this case that

Dr. Bims should be disqualified (D.I. 86 at ¶¶ 4-6 (referring to Exhs. J-M to D.I. 85)).  Yet LG

refuses to allow MTel to assess the merits of LG's work-product claim or confidentiality-and-

relatedness claims.  By placing the documents at issue as support for its Motion to Disqualify,

LG has waived any privilege or protection otherwise afforded to Exhibits J-M.  Even if such

exhibits are privileged, however, MTel has shown that it is entitled to discovery of the identified

expert materials because MTel has established a substantial need and cannot obtain the

substantial equivalent without undue hardship.

   I.  **LG WAIVED ANY PRIVILEGE OR PROTECTION BY PLACING THE BIMS-
       LGEMU AGREEMENT AND EXHIBITS J-M AT ISSUE.**

LG relies upon its previous engagement of Dr. Bims in two allegedly related matters to

support its Motion to Disqualify.  LG has not, however, produced *any* documents pertaining to

those allegedly related matters in this litigation.  LG cannot have its cake and eat it too.  Either

the matters identified in LG's Motion to Disqualify are relevant and LG has entirely failed to

meet its discovery obligations, or the matters are not relevant and LG's Motion to Disqualify should unquestionably fail.  Regardless of the previous relevance of the identified previous engagements, however, by placing Exhibits J-M at issue now, LG is required to provide a privilege log describing the nature of the material in a "manner that … will enable other parties to assess the claim."  Despite MTel's requests for clarification regarding why LG contends these materials are privileged, LG has failed to provide a privilege log for exhibits J-M.  (*See* Exh. A, April 28, 2015 E-mail from D. Taylor).  In fact, LG has consistently refused to comply with its obligations under Fed. R. Civ. P. 26(b)(5)(A) to provide MTel with a privilege log.  The date for production of a privilege log in this matter was February 3, 2015.  (D.I. 48).  LG never produced a privilege log.  (Taylor Decl. ¶ 2).

LG's failure to meet the requirements of the federal rules is indicative of LG's failure to comply with this Court's requirements throughout this litigation.[1]  Despite first objecting under paragraph 3 of the Protective Order, LG failed to file a motion for a ruling on its objection within the prescribed time limit.  (*See* D.I. 40 at ¶ 3E ("Thereafter, the objecting party shall move the Court, within ten (10) days of receiving such notice, for a ruling on its objection.")).

LG's continued disregard for the Protective Order in this matter is shown by the present motion.  Although LG contends that these documents are relevant to the present case, LG chose not to produce the documents under any confidentiality designation allowed under the Protective Order.  LG likewise chose not to list the documents on a privilege log.  Such action suggests that LG seeks to shield from disclosure non-privileged documents.

If this Court allows LG to withhold documents without giving MTel proper notice that the documents exist but are being withheld, MTel is unable to contest the validity of any asserted

---

[1] *See also* MTel's Emergency Motion to Compel Discovery from LG Electronics MobileComm U.S.A., Inc. (D.I. 63).

privilege or protection.  *Gateway Senior Hous., Ltd v. MMA Fin., Inc.*, 2008 U.S. Dist. LEXIS 109947, 27-28 (E.D. Tex. Dec. 4, 2008) (finding waiver for consistent failure to provide a privilege log) (*quoting Robinson v. Tex. Auto. Dealers Ass'n.*, 214 F.R.D. 432, 456 (E.D. Tex. 2003):

> While waiver based on such conduct may seem like a harsh penalty, such a policy is necessary to prevent gamesmanship.  If a party is allowed to withhold documents without giving opposing parties notice that the documents exist but are being withheld, the opposing party will obviously be unable to contest the validity of a privilege or protection asserted for those documents.

Rather than producing the documents on its privilege log during the appropriate time, LG instead placed the contents of its Exhs. J-M at issue and thereby has waived any protection that otherwise might have applied.  LG relies on an agreement between itself and Dr. Bims and explicitly references "the expiration or termination of this Agreement," but hides from MTel the operative terms.  This kind of gamesmanship is not tolerated.  *See Nguyen v. Excel Corp.*, 197 F.3d 200, 207 n.18 (5th Cir. 1999) (Rejecting protection where proponent "at once, employ[s] the privilege as both a sword and a shield. *** Attempts at such improper dual usage of the privilege result in waiver by implication."); *Conkling v. Turner*, 883 F.2d 431, 435 (5th Cir. 1989) (when a litigant "places information protected by [the work product doctrine] in issue through some affirmative act for his own benefit," the protection is waived).[2]

## II. SUBSTANTIAL NEED EXISTS FOR THE IDENTIFIED MATERIALS FOR MTEL TO DEFEND AGAINST LG'S CLAIMS AND THERE ARE NO SUBSTANTIAL EQUIVALENTS.

Although Fed. R. Civ. P. 26(b)(4)(C) further extends work product protection to communications between a party's attorney and that party's testifying experts," this protection is not absolute.  *Innovative Sonic, Ltd. v. Research in Motion, Ltd.*, No. 3:11-cv-0706, 2013 U.S.

---

[2]   Work product protection is not absolute and may be waived.  *United States v. Nobles*, 422 U.S. 225, 239, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975).  LG has not shown how work product in one matter somehow automatically becomes work product in another matter.

Dist. LEXIS 28238, *6 (N.D. Tex March 1, 2013).  Discovery of otherwise protected materials is allowed "where a party establishes it has a substantial need for the discovery and cannot obtain the substantial equivalent without hardship."  *Id.*

LG urges this Court to take the extreme and rare action of disqualifying Dr. Bims as MTel's technical expert in this matter.  When facing this difficult decision, Court's apply a two-prong test.  *See Koch Refining Co. v. Jennifer L. Boudreau M/V*, 85 F.3d 1178 (5th Cir. 1996) (considering whether:  (1) it was objectively reasonable for the first party who claims to have retained the expert to conclude that a confidential relationship existed; and (2) any confidential or privileged information was disclosed by the first party to the expert.).  By resting its Motion to Disqualify almost entirely on what LG alleges are otherwise protected documents, LG seeks to prevent MTel from accessing the materials MTel needs to defend against LG's claims.  MTel believes that the materials at issue will show that Dr. Bims was not in a confidential relationship with LG and/or that, even in such a relationship, Dr. Bims did not receive confidential information substantially related to the claims and defenses in this matter.  Even if this Court assumes that Exhibits J-M may be "privileged work protect" as LG claims, (D.I. 86 at ¶ 3), the information in them is not available to MTel from any other source.  LG does not suggest otherwise.  MTel has thus shown "that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Innovative Sonic*, 2013 U.S. Dist. LEXIS 28238 at *6. Therefore, the cut-out under Fed. R. Civ. P. 26(b)(3)(A)(ii) applies here, and LG must disclose these materials to MTel.  *See Thomas v. GMC*, 174 F.R.D. 386, 389 (E.D. Tex. 1997) ("The plaintiffs have successfully shown such need and hardship in their motion to compel.").

MTel requests to be heard on the questions in LG's Motions (D.I. 85, 86).  LG's arguments that Exhibits J-M are work product are entirely conclusory.  LG's arguments that Exhibits J-M show that Dr. Bims received confidential information that is so related to the claims and defenses in this case that he must be disqualified are equally conclusory.  Without access to the documents that LG relies upon, MTel is at a distinct and unfair disadvantage.

## III. CONCLUSION

For all the reasons provided above, MTel asks to be heard and that this Court deny LG's Motion for Leave to File Exhibits in Camera.

Dated:  April 29, 2015

Respectfully Submitted,

*/s/ Dustin L. Taylor*
Daniel R. Scardino
Texas State Bar No. 24033165
Craig S. Jepson
Texas State Bar No. 24061364
Dustin L. Taylor
Texas State Bar No. 24088510
Debra L. Dennett
Texas State Bar No. 00793610
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX  78701
Tel. (512) 474-2449
Fax (512) 474-2622
dscardino@reedscardino.com
cjepson@reedscardino.com
jhendricks@reedscardino.com
dtaylor@reedscardino.com
ddennett@reedscardio.com

Deron Dacus
Texas State Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
903-705-1117 (phone & fax)
ddacus@dacusfirm.com

**ATTORNEYS FOR PLAINTIFF
MOBILE TELECOMMUNICATIONS
TECHNOLOGIES, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 29th day of April 2015, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

*/s/ Dustin L. Taylor*
Dustin L. Taylor