IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Case No. 2:13-cv-947-JRG-RSP |
| LG ELECTRONICS MOBILECOMM U.S.A., INC., | | |
| Defendant. | | |

## MEMORANDUM ORDER

Pending before the Court is Defendant LG Electronics Mobilecomm U.S.A., Inc.'s (LGEMU) Motion to Strike the November 13, 2015 Expert Report of Paul Prucnal, Ph.D. Regarding Infringement of U.S. Patent No. 5,754,946 (the '946 patent). (Dkt. No. 186.) LGEMU asserts that the Court should strike Dr. Prucnal's report in its entirety. LGEMU asserts in the alternative that the Court should strike Dr. Prucnal's report where it (1) references the reasoning in claim construction orders; or (2) relies on a "surrogate/placeholder" theory. LGEMU claims the "surrogate/placeholder" theory is an impermissible doctrine of equivalents argument. (Dkt. No. 186 2–3.) The Court, having considered the law and facts, finds that LGEMU's Motion (Dkt. No. 186) should be **DENIED**.

### BACKGROUND

The parties agree that on November 9, 2015, the Court found that Plaintiff Mobile Telecommunications Technologies, LLC (MTel) could not assert a doctrine of equivalents theory of infringement. (Dkt. No. 186 at 1; Dkt. No. 196 at 3.) Now, LGEMU asks the Court to enforce its November 19 order by striking paragraphs 161 to 167 and 191 to 192 of Dr. Prucnal's expert

report. (Dkt. No. 186 at 4.) LGEMU asserts it has confirmed through a deposition that these paragraphs of Dr. Prucnal's report contain a doctrine of equivalents theory which the Court has excluded. (Dkt. No. 186 at 1, 5, 7–11.)

## APPLICABLE LAW

Rule 702 provides that an expert witness may offer opinion testimony if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

"The inquiry envisioned by Rule 702 is . . . a flexible one," but, in *Daubert*, the Supreme Court held that the Rules also "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 594, 597 (1993); *see also Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1321 (Fed. Cir. 2014) ("Experts routinely rely upon other experts hired by the party they represent for expertise outside of their field."); *TQP Dev. LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248-JRG, 2015 WL 6694116, at *4 (E.D. Tex. Nov. 3, 2015) ("Dr. Becker was entitled to rely upon Dr. Jager's technical analysis when constructing his damages model and presenting it to the jury.").

"The relevance prong [of *Daubert*] requires the proponent [of the expert testimony] to demonstrate that the expert's 'reasoning or methodology can be properly applied to the facts in issue.'" *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (quoting *Curtis v. M & S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999)). "The reliability prong [of *Daubert*] mandates that expert opinion 'be grounded in the methods and procedures of science and . . . be

more than unsupported speculation or subjective belief.'" *Johnson*, 685 F.3d at 459 (quoting *Curtis*, 174 F.3d at 668).

In assessing the "reliability" of an expert's opinion, the trial court may consider a list of factors including: "whether a theory or technique . . . can be (and has been) tested," "whether the theory or technique has been subjected to peer review and publication," "the known or potential rate of error," "the existence and maintenance of standards," and "general acceptance" of a theory in the "relevant scientific community." *Daubert*, 509 U.S. at 593–94; *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999) ("*Daubert* makes clear that the factors it mentions do *not* constitute a 'definitive checklist or test.'"); *U.S. v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

"The proponent need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable." *Johnson*, 685 F.3d at 459 (quoting *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc)). At base, "the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Summit 6, LLC v. Samsung Elecs. Co., Ltd.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015).

## ANALYSIS

Dr. Prucnal contends the accused devices infringe the claims of the '946 patent because they at least use an e-mail application that can receive e-mails with text and attachments. (Dkt. No. 196 at 4 (quoting Dkt. No. 186-5 ¶161).) In some cases, the e-mail received by the accused device includes only text. (Dkt. No. 196 at 4 (quoting Dkt. No. 186-5 ¶161).) In those cases, the accused device shows a "surrogate or placeholder" that represents the missing e-mail attachment. (Dkt. No. 196 at 4 (quoting Dkt. No. 186-5 ¶162).) The user can request a "retransmission" of

the attachment by clicking on the "surrogate or placeholder." (Dkt. No. 196 at 4 (quoting Dkt. No. 186-5 ¶163).)

The Court finds that this infringement theory does not rely on the doctrine of equivalents to read the claims of the patent on the accused device. Dr. Prucnal asserts that when a user clicks on a "surrogate or placeholder" the user literally clicks on a "portion of the displayed message for which a user desires retransmission." That theory does not contend that the differences between the accused device and the claimed invention are "insubstantial" or that some part of the accused device "performs substantially the same function in substantially the same way with substantially the same result as each limitation" of the claimed invention. *AquaTex Indus., Inc. v. Techniche Solutions*, 479 F.3d 1320, 1326 (Fed. Cir. 2007). LGEMU has not pointed to the paragraphs of Dr. Prucnal's report where Dr. Prucnal, for example, implies that a "surrogate or placeholder" icon is as an equivalent of a "switch actuatable" or "a portion of the displayed message."

LGEMU also claims that Dr. Prucnal has relied on a doctrine of equivalents theory of infringement because Dr. Prucnal said in his deposition that there are no "substantial differences in the context of the claim" between "the operation of the Accused LG[EMU] Devices running the stock email application and devices performing under the scenario described by Dr. Min." (Dkt. No. 186-5 ¶167.) The Court finds that this testimony does not show that Dr. Prucnal is relying on a doctrine of equivalents theory. The testimony instead attacks the substance and credibility of Dr. Min's opinions. It does not compare the accused devices to the claims of the '946 patent.

LGEMU finally asserts that paragraphs 73, 74, 88–90, 156, 180, and 183 of Dr. Prucnal's report should be stricken because they are "replete with reference to claim construction dicta—

from this case and other cases." (Dkt. No. 186 at 11.) The Court agrees with LGEMU's argument in principle and has written at least three orders that address this matter. For example, the Court's order on MTel's Motion to Strike (Dkt. No. 229) states: "In the presence of the jury [] the parties shall not expressly or implicitly refer to each other's claim construction positions and **shall not expressly refer to any portion of this order that is not a construction adopted by the Court**." (Dkt. No. 229 at 9 (emphasis added); *see also* Dkt. No. 94 at 51; Dkt. No. 232 at 2–3.) The Court does not strike paragraphs of Dr. Prucnal's report, however, because the substance of his testimony complies with the Court's orders.

Paragraph 74 of Dr. Prucnal's report says: "The Court's instruction [] indicates that the [] 'displayed message' serves to distinguish the message being viewed from the other messages that have been received on the device." (Dkt. No. 186-5 ¶74.) The Court's orders bar Dr. Prucnal from saying "[t]he Court's instructions indicate," but does not bar him from saying "'displayed message' serves to distinguish the message being viewed from the other messages." The Court intends for the analysis in the claim construction orders to limit the scope of witness testimony. That purpose can be achieved without the witnesses parsing those orders in front of the Jury. (*See* Dkt. No. 229 at 9 ("The Court does not enter any new constructions but the parties should ensure [] all testimony relating to the terms 'retransmission' and 'displayed message' are limited by the reasoning in this order.").)

## CONCLUSION

The Court finally notes that the Jury will not be instructed on the doctrine of equivalents at trial. Therefore, LGEMU cannot be found to infringe under that theory. For this reason and the reasons above, LGEMU's Motion to Strike the November 13, 2015 Expert Report of Paul Prucnal, Ph.D. Regarding Infringement of U.S. Patent No. 5,754,946 (Dkt. No. 186) is **DENIED**.

5

MTel is again instructed to ensure that Dr. Prucnal's testimony does not expressly reference the analysis in the Court's orders.

**SIGNED this 5th day of February, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE